DECISION
Appellant, Sherman Schall, appeals from a judgment of the Franklin County Court of Common Pleas that found him to be a sexual predator and sets forth the following assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE:
 THE TRIAL COURT ERRED WHEN, OVER OBJECTION, IT ADMITTED INTO EVIDENCE AND RELIED UPON UNRELIABLE HEARSAY STATEMENTS IN VIOLATION OF THE APPELLANT'S STATUTORY AND CONSTITUTIONAL RIGHTS TO CONFRONT OR CROSS-EXAMINE ADVERSE WITNESSES.
ASSIGNMENT OF ERROR NUMBER TWO:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT WAS A SEXUAL PREDATOR WHEN THE STATE DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE.
In 1976, following a bindover by the Franklin County Court of Common Pleas Juvenile Division, appellant, then sixteen years of age, entered a plea of no contest, was found guilty of rape, and was sentenced to five to twenty-five years. At some time, appellant was paroled and, in 1985, was indicted for rape, kidnapping and gross sexual imposition. Although appellant was found not guilty on all of the 1985 charges, appellant was declared a parole violator and returned to prison.
In his first assignment of error, appellant argues he was deprived of his constitutional right to confront and cross-examine witnesses based on the trial court's use of hearsay evidence, such as psychological reports done for the 1976 bindover hearing and various reports prepared for the parole board. As appellant recognizes in State v. Cook (1998),83 Ohio St.3d 404, certiorari denied (1999), 525 U.S. 1182, the Ohio Supreme Court found that, pursuant to Evid.R. 101(C), the rules of evidence do not strictly apply in a sexual predator hearing and, therefore, reliable hearsay, such as a pre-sentence investigation, might be relied on by the trial court. The evidence presented in this matter falls within a similar category of reliable hearsay and appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the finding that he is a sexual predator is not supported by clear and convincing evidence. A sexual predator is defined in R.C. 2950.01(E) as:
 (E) * * * [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(3) states in part:
 (3) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * *
Clear and convincing evidence was defined by the Ohio Supreme Court in State v. Eppinger (2001), 91 Ohio St.3d 158, at 164:
 * * * `* * * [T]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.' * * *
R.C. 2950.09(B)(2) provides:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The state presented evidence relating to appellant's 1976 conviction, the indictment and acquittal for the 1985 offenses, and various psychological reports, the most recent being from 1992. Appellant presented a 1990 certificate of completion of a course in human sexuality. Unlike the defendant in Eppinger, appellant did not request appointment of an expert.
In its decision, the trial court relied on the facts of the 1976 conviction in which appellant raped his foster mother while holding a knife to her throat, took some money and stole her car, as well as appellant's juvenile record and the fact that appellant violated parole in 1985, although the court did not refer to the specifics of the charges for which appellant had been acquitted. The trial court also indicated that the psychological reports were not favorable. The 1989, 1990 and 1992 psychological evaluations all indicated that, if appellant was to be paroled, he would require close, strict or maximum supervision, along with sexual offender and drug treatment. The 1992 report indicated that, without such treatment, the examiner could not rule out a continued danger to society, especially women. In 1999, the psychology supervisor at Lebanon Correctional Institution sent a memo to the parole board stating that no new evaluation was completed because appellant had a risk score of six, which the state asserted was a high-risk score.
Thus, we conclude that the trial court did not base its decision solely on the facts of the underlying offense or the charges for which appellant was acquitted and there was clear and convincing evidence that appellant is a sexual predator. Appellant's second assignment of error is overruled.
For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _____________ BOWMAN, J.
LAZARUS and BROWN, JJ., concur.